DENISE BILLUPS-SLONE (State Bar No. 151606)
denise.billups-slone@mcnamaralaw.com
JODY STRUCK (State Bar No. 121097)
jstruck@mcnamaralaw.com
McNAMARA, AMBACHER, WHEELER,
HIRSIG & GRAY LLP
3480 Buskirk Avenue, Suite 250
Pleasant Hill, CA 94523
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
COUNTY OF ALAMEDA and YESENIA SANCHEZ,
ALAMEDA COUNTY SHERIFF-CORONER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH ANN LAUREL, Decedent, by and through her successors in interest; A.L., a minor, by and through his proposed guardian ad litem, Maria Laurel, individually and as co-successor in interest to Decedent; and R.R., a minor, by and through her proposed guardian ad litem, Maria Laurel, individually and as co-successor in interest to Decedent, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF ALAMEDA, a municipal corporation; YESENIA SANCHEZ, Alameda County Sheriff-Coroner; WELLPATH, LLC; ASAAD TRAINA, M.D.; ADIAM HAILE, R.N.; SHELBY MOORE, R.N.; HOMAYUN SALEH, P.A.; LAILA KARIM, R.N.; K. BROWN, R.N.; and DOES 1-30, individually, jointly and severally, <br><br> Defendants. | Case No. 3:24-CV-04427-RFL <br><br> **COUNTY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:        March 11, 2025 <br> Time:        1:30 p.m. <br> Courtroom:   15 (Zoom) <br><br> The Hon. Rita F. Lin |

///

///

///

///

COUNTY DEFENDANTS' MOTION TO DISMISS
COMPLAINT - 3:24-CV-04427 RFL

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

## TABLE OF CONTENTS

I.    INTRODUCTION……………………………………………………………………... 1

II.   PLAINTIFF'S COMPLAINT …………………………………………………….......... 2

III.  LEGAL STANDARD......................................................................................................... 3

      A.    Federal Rules of Civil Procedure, Rule 8 and Rule 12(b)(6)………………….. 3

IV.   LEGAL ARGUMENT…………………………………………………………………… 4

      A.    Plaintiffs Have Not Stated a Valid *Monell* Claim Against County…………… 4

            1.    Plaintiffs Have Not Identified a Constitutional Right That County
                  Violated…………………………………………………………………….. 5

            2.    Plaintiffs Have Not Sufficiently Alleged County Policies, Customs, or
                  Practices That Violated Plaintiffs' Constitutional Rights…………….. 6

            3.    Plaintiffs Have Not Alleged Facts That Could Establish County Was
                  Deliberately Indifferent…………………………………………………….. 6

            4.    Plaintiffs' Complaint Does Not Allege Facts to Support a Finding
                  That County Proximately Caused a Constitutional Violation………… 7

      B.    Plaintiffs Have Not Stated a Valid Claim Against County or County
            Employees For a Violation of Civil Code § 52.1 (Bane Act)…………………. 7

      C.    Plaintiffs Have Not Stated a Valid Claim Against County or County
            Employees For Negligence………………………………………………………. 8

            1.    County Cannot be Sued For Common Law Negligence……………… 8

            2.    Plaintiffs Have Failed to State a Viable Claim For Negligence as to
                  Unnamed Doe Defendants For Which County Could be Liable………. 9

      D.    Plaintiffs Have Not Stated a Valid § 1983 Claim Against County Employees.. 10

      E.    Plaintiffs Have Not Stated Any Claim as to Sheriff Sanchez…………………. 11

V.    CONCLUSION………………………………………………………………………….. 11

COUNTY DEFENDANTS' MOTION TO DISMISS                i
COMPLAINT - 3:24-CV-04427 RFL

**TABLE OF AUTHORITIES**

**CASES**                                                                                      PAGE

*Allen v. City of Sacramento*, 234 Cal.App.4[th] 41 (2015)……………………………….. 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)……………………………………………....  3, 5, 8

*Baker v. McCollan,* 443 U.S. 137 (1979)………………………………………………. 5

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)………………………………….  3, 5, 7, 8

*Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397 (1997)………………………………………………………………………………………... 7

*Cousins v. Lockyer*, 568 F.3d 1063 (9th Cir. 2009)……………………………………... 3

*Dougherty v. City of Covina*, 654 F.3d 892 (9th Cir. 2011)………………………….. 4

*Edwards v. City of Florissant,* 58 F.4[th] 372 (2022)……………………………………... 5

*Estate of Mendez v. City of Ceres*, 390 F.Supp.3d 1189 (9th Cir. 2019)……………... 7

*Gibson v. County of Washoe, Nev.*, 290 F.3d 1175 (9th Cir. 2002)…………………….. 6

*Graham v. Connor*, 490 U.S. 386 (1989)…………………………………………………. 5, 6

*Herd v. County of San Bernardino*, 311 F.Supp.3d 1157 (C.D.Cal., 2018)…………. 8

*Hopson v. Alexander*, 71 F.4[th] 692 (9th Cir. 2023)……………………………………... 10, 11

*Jacobsen v. Marin Gen. Hosp.*, 192 F.3d 881 (1999)…………………………………….. 10

*Johnson v. Cnty. Of Ventura*, 29 Cal.App.4[th] 1400 (1994)…………………………….. 9

*Jones v. Williams,* 297 F.3d 930 (9th Cir. 2002)………………………………………….. 5

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001)……………………………… 7

*Lyall v. City of Los Angeles*, 807 F.3d 1178 (2015)…………………………............. 8

*Lytle v. Carl,* 382 F.3d 978 (9th Cir. 2004)……………………………………………….. 6

*Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal.3d 583 (1989)………. 10

*Martinez v. California*, 444 U.S. 277 (1980)……………………………………………... 4

*McKeever v. Block*, 932 F.2d 795 (9th Cir. 1991)……………………………………….. 3

*Meehan v. Los Angeles County*, 856 F.2d 102 (9th Cir. 1988)……………………….. 4

*Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658 (1978)................. 4

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

*Morabito v. Blum,* 528 F.Supp. 252, 1981 U.S. Dist. LEXIS 15933 (S.D.N.Y. 1981)………………………………………………………………………… 3

*Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001)……………………………………….. 4

*Shoyoye v. County of Los Angeles,* 203 Cal.App.4th 947 (2012) …………………... 8

*Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir. 1995)……………………………………. 4

*Stanard v. Nygren*, 658 F.3d 792 (7th Cir. 2011)……………………………………….. 4

*Trevino v. Gates*, 99 F.3d 911 (9th Cir. 1996)………………………………………….. 4

*Van Ort v. Estate of Stanewich*, 92 F.3d 831 (9th Cir. 1996)……………….............. 7

*Webb v. Sloan*, 330 F.3d 1158 (9th Cir. 2003)………………………………………….. 6

STATUTES

42 U.S.C. Section 1983…………………………………………………............ 3, 4, 5, 6, 7, 10, 11

California Civil Code Section 52.1………………………………………………….. 3, 7, 11

California Government Code Section 810……………………………………………... 8

California Government Code Section 815……………………………………………... 8

California Government Code Section 815.2…………………………………………… 9

California Government Code Section 815.2(a)…………………………………….......... 9

California Government Code Section 815.2(b)……………………………………......... 9, 10

California Government Code Section 820.2……………………………………………... 10

California Government Code Section 820.4……………………………………............... 10

California Government Code Section 820.6……………………………………………... 10

California Government Code Section 820.8……………………………………………... 10

California Government Code Section 821……………………………………................. 10

California Government Code Section 845.2……………………………………............... 10

California Government Code Section 845.6……………………………………............... 10

California Government Code Section 855.6……………………………………………... 10

California Government Code Section 855.8……………………………………............... 10

California Government Code Section 856……………………………………................. 10

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

California Government Code Section 856.4…………………………………........... 10

Federal Rule of Civil Procedure 8…………………………………………………. 3, 11

Federal Rule of Civil Procedure 8(a)(2)…………………………………………... 3, 4

Federal Rule of Civil Procedure 12(b)(6)……………………………………........... 3

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

COUNTY DEFENDANTS' MOTION TO DISMISS          iv
COMPLAINT - 3:24-CV-04427 RFL

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

## NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on March 11, 2025, in Courtroom 15 of the above-entitled court, located at 450 Golden Gate Avenue, 18th Floor, San Francisco, California, Defendants COUNTY OF ALAMEDA and YESENIA SANCHEZ, Alameda County Sheriff-Coroner (collectively referred to as "County Defendants") will and hereby do move for an order to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted as to either moving defendant.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers in the Court's file, and upon such argument as may be made at the hearing on this Motion.

Dated:  January 2, 2025                    McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP


By: _____
Denise Billups-Slone
Jody Struck
Attorneys for Defendants
COUNTY OF ALAMEDA and YESENIA SANCHEZ, ALAMEDA COUNTY SHERIFF-CORONER

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6), Defendants COUNTY OF ALAMEDA ("County") and YESENIA SANCHEZ, Alameda County Sheriff-Coroner ("Sanchez"), together "County Defendants," hereby move to dismiss Plaintiffs' Complaint [Dkt. 1] (the "Complaint"), with prejudice.

### I.    INTRODUCTION

Plaintiffs A.L. and R.R., the minor children of Elizabeth Ann Laurel, by and through their guardian ad litem, Maria Laurel, bring this action as a result of the death of Elizabeth Ann Laurel ("Decedent"), while she was in custody in Santa Rita Jail.  Plaintiffs generally allege that Decedent's death was caused by her withdrawal from opiates and alcohol, and are suing County, which operates the Santa Rita Jail ("Jail"), Sheriff Sanchez, and Wellpath, LLC, which provides

COUNTY DEFENDANTS' MOTION TO DISMISS                    1
COMPLAINT - 3:24-CV-04427 RFL

medical care to inmates in the Jail.  Plaintiffs have also sued several Wellpath employees as well as Doe Defendants.  As will be shown below, the Complaint fails to state a viable claim against County or Sanchez upon which relief can be granted.  It also fails to state a viable claim for relief against any unnamed County employees.  The pleading defects are fatal and cannot be remedied by amendment.  For these reasons, the County Defendants ask this Court to dismiss the Complaint against them, with prejudice.

## II.    PLAINTIFFS' COMPLAINT

Plaintiffs allege that Decedent was arrested for possession of fentanyl and methamphetamine on February 11, 2023.  She was booked into Santa Rita Jail that afternoon.  [Dkt 1, ¶ 46.]  During the intake process, Decedent allegedly informed the Alameda County Sheriff's Office ("ACSO") classification officer that she was homeless and withdrawing from heroin, fentanyl, benzodiazepines and alcohol.  Plaintiffs further allege that the ACSO classification unit referred Decedent to Wellpath, indicating she presented with a reported history of substance abuse and "signs of acute withdrawal."  [*Id.*, at ¶ 47.]

Plaintiffs allege that County contracted with Wellpath "to provide medical care, including detoxification treatment, for Santa Rita jail inmates since 2016." [Id., at ¶ 7.]  In addition, Wellpath and its employees and directors were "at all material times responsible for making and enforcing policies, procedures, supervision, and training related to the medical care of inmates" at the Jail, including "assessing inmates for emergency medical needs, and sending inmates for emergency medical care," and "were responsible for making and executing policies, procedures, supervision, and training related to the medical care of inmates at the Santa Rita Jail." [*Id.*, at ¶¶ 8-9.]  Plaintiffs further allege that Wellpath, not County, "undertook the duty to provide" Decedent with the level of medical care she required in the Santa Rita Jail.  [*Ibid.*]  Wellpath allegedly failed to provide appropriate medical care, which caused Decedent's death on February 13, 2023.  [*Id.*, at ¶¶ 58-74.]

Plaintiffs' First and Second Causes of Action for civil rights violations under 42 U.S.C. § 1983 (§ 1983) are only stated as to the Wellpath Defendants and Doe Defendants 1 – 30.  [Id., at ¶¶ 87-98.]  None of the allegations clearly involve a County employee and the Doe Defendants are not identified as County employees.  Plaintiffs' purported claims against County consist of the

COUNTY DEFENDANTS' MOTION TO DISMISS                    2
COMPLAINT - 3:24-CV-04427 RFL

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

Third Cause of Action for *Monell* Liability under § 1983, the Fourth Cause of Action under Civil Code section 52.1 ("Bane Act"), and the Sixth Cause of Action for common law negligence.[1]  None of the causes of action are stated as to Defendant Sanchez.  As will be shown, Plaintiffs have failed to state a viable cause of action against the named County Defendants or any unnamed County employee.

## III.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure, Rule 8 and Rule 12(b)(6)

A complaint in a federal action must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A complaint which names a defendant in the caption but contains no allegations indicating how she violated law or injured plaintiffs does not contain a "short and plain statement of claimant," as required by Rule 8(a)(2). *Morabito v. Blum*, 528 F.Supp. 252 (S.D.N.Y. 1981).  The allegations must be sufficient "to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  Rule 8, however, requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*Iqbal*), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (*Twombly*).

A Rule 12(b)(6) motion tests the legal sufficiency of the claims for relief.  In reviewing the motion, the Court takes all allegations of material fact as true and construes them in favor of the plaintiffs to determine whether a plausible legal claim has been stated. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  While a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, citation omitted.  Moreover, the Court is not required to accept as true "'a legal conclusion couched as a factual allegation.'" (*Ibid*., citation omitted.)

As the Supreme Court explained in *Iqbal*, 556 U.S. 662, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*., at 678.  Only a

---

[1] There is no Fifth Cause of Action.

COUNTY DEFENDANTS' MOTION TO DISMISS    3
COMPLAINT - 3:24-CV-04427 RFL

complaint that states a plausible claim for relief can survive a motion to dismiss, and "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' Fed. Rule Civ. Proc. 8(a)(2)." *Id*., at 679.

Moreover, "where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011); see also *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (dismissal appropriate if the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised").

## IV.    LEGAL ARGUMENT

### A.    Plaintiffs Have Not Stated a Valid *Monell* Claim Against County

Plaintiffs' third cause of action is a purported *Monell* claim against County under § 1983. In order to establish § 1983 municipal liability, Plaintiffs must plead facts showing that the alleged violation of constitutional rights was caused by official policies, practices, or customs that have the force of law. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-691 (1978).

Absent a formal governmental policy which allegedly caused the constitutional violation, Plaintiffs "must show a 'longstanding practice or custom which constitutes the standard operating procedure of the local government entity.'" *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996 (citation omitted), holding modified by *Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001); see also *Meehan v. Los Angeles County*, 856 F.2d 102 (9th Cir.1988) (two incidents not sufficient to establish custom). Plaintiffs must also plead facts to show that County's policy, custom or practice amounts to deliberate indifference to Plaintiffs' constitutional rights and that it was the "moving force" that proximately caused the alleged constitutional violation. *Martinez v. California*, 444 U.S. 277, 284-85 (1980); *Monell*, 436 U.S. at 694; *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). Alternatively, Plaintiffs must show that the individual who committed the alleged constitutional tort was an official with "final policy-making authority" so that the challenged action constituted an act of official government policy. *Trevino,* 99 F.3d at 920. In any event "'absent a ///

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

constitutional violation by a [public] employee, there can be no § 1983 or *Monell* liability for the [public entity].'" *Edwards v. City of Florissant*, 58 F.4th 372, 376 (2022), citations omitted.

As noted above, to plead a *Monell* claim and survive a motion to dismiss, the complaint must plead sufficient factual matter to "state a claim to relief that is plausible on its face" and not merely possible. *Iqbal*, *supra*, 556 U.S. at 678.

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (brackets omitted).

*Iqbal*, 556 U.S. at 678; see also *Twombly*, 550 U.S. at 570 (Plaintiff required to plead sufficient factual content to "nudg[e]" his claim "across the line from conceivable to plausible").

Here, Plaintiffs' allegations are insufficient to state a valid *Monell* claim against County. First, Plaintiffs have not identified the constitutional rights that County allegedly violated. Second, Plaintiffs have not sufficiently alleged County policies, customs, or practices that violated Plaintiffs' constitutional rights. Third, Plaintiffs have not alleged facts that could establish County was deliberately indifferent to Plaintiffs' alleged constitutional rights. Finally, Plaintiffs' Complaint does not support a finding that County's alleged conduct proximately caused a constitutional violation.

### 1. Plaintiffs Have Not Identified a Constitutional Right That County Violated.

The Supreme Court has explained that "§ 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 394 (1989), citations omitted. Indeed, "The first inquiry in any § 1983 suit" is "to isolate the precise constitutional violation with which [the defendant] is charged." *Baker v. McCollan*, 443 U.S. 137, 144, n. 3, (1979); see also *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

In this case, however, Plaintiffs' third cause of action does not identify any constitutional rights which County allegedly violated. Although the third cause of action realleges "each and

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

every paragraph" of the Complaint, County should not be required to surmise what, if any, constitutional violations purportedly occurred that could support a claim against it for *Monell* liability. Since Plaintiffs have not isolated "the precise constitutional violation with which [the defendant] is charged," *Graham*, *supra*, 109 S.Ct. at 1870, Plaintiffs have failed to allege a material allegation of their third cause of action against County for *Monell* liability.

### 2. Plaintiffs Have Not Sufficiently Alleged County Policies, Customs, or Practices That Violated Plaintiffs' Constitutional Rights.

Plaintiffs allege that individual defendants acted in accordance with customs, policies, practices and procedures by either County or Wellpath, or that these customs, policies, practices, and procedures were "directed, encouraged, allowed and/or ratified by policymaking officials for Defendant COUNTY and/or Defendant WELLPATH." [Dkt. 1, ¶ 100.] By failing to identify which of the various purported customs, policies, practices, and procedures are specifically alleged as to County, the Complaint is vague and ambiguous as to which claims are asserted against County versus those against Wellpath, a separate and distinct defendant.

Moreover, Plaintiffs have not alleged sufficient facts to show that the alleged violations constitute a longstanding policy or procedure, or that the alleged constitutional tort was committed by an official with "final policy-making authority." In fact, Plaintiffs have sued Sheriff Sanchez in her "individual capacity" [Dkt. 1, ¶ 6], and not named her in any cause of action in the Complaint. They have failed to allege any facts that would support a claim that Sheriff Sanchez committed a constitutional violation in this case, and therefore her alleged acts or omissions could not support a *Monell* claim against County.

### 3. Plaintiffs Have Not Alleged Facts That Could Establish County Was Deliberately Indifferent.

Plaintiffs have not alleged facts that could establish County's deliberate indifference to their constitutional rights as a result of a formal policy or a longstanding custom or practice. See *Lytle v. Carl*, 382 F.3d 978, 981 (9th Cir. 2004); *Gibson v. County of Washoe*, Nev., 290 F.3d 1175, 1185 (9th Cir. 2002); *Webb v. Sloan*, 330 F.3d 1158, 1164 (9th Cir. 2003). "[A] local governmental entity may be liable if it has a policy of inaction and such inaction amounts to a failure to protect

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

constitutional rights," but only if that policy of inaction is "the result of a conscious or deliberate choice ... made from among various alternatives." *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001) (internal quotations and citations omitted)." *Estate of Mendez v. City of Ceres*, 390 F.Supp.3d 1189, 1206 (9th Cir. 2019).

Here, Plaintiffs have not, and cannot, allege facts to establish that County's alleged policies and customs were the result of a conscious or deliberate choice made from among various alternatives. They have therefore failed to allege that a County policy, procedure or custom could be a basis for *Monell* liability in this case.

### 4. Plaintiffs' Complaint Does Not Allege Facts to Support a Finding That County Proximately Caused a Constitutional Violation.

It is not enough for a § 1983 Plaintiff to merely identify conduct attributable to the municipality; the Plaintiff must also plausibly plead facts to show that the municipal action was taken with the requisite degree of culpability and that there is a "direct causal link between the municipal action and the deprivation of federal rights." *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404 (1997); *see also Van Ort v. Estate of Stanewich,* 92 F.3d 831, 837 (9th Cir. 1996) (§ 1983 Plaintiff must establish both causation-in-fact and proximate causation). This was not done here.

Plaintiffs' theory of liability as to County appears to be based on allegedly inadequate welfare checks or observations by Sheriff's Deputies; however, Plaintiffs have not plausibly alleged that Decedent's death was proximately caused by such an alleged failure. Instead, Plaintiffs have alleged that Decedent was under the medical care of Wellpath at the time of her death. Plaintiffs' allegations do not "nudge" their claim against the County over the line from conceivable to plausible. *See Twombly,* 550 U.S. at 570. As Plaintiffs have not alleged sufficient facts to plausibly state a claim for relief against County, the third cause of action should be dismissed.

### B. Plaintiffs Have Not Stated a Valid Claim Against County or County Employees for a Violation of Civil Code § 52.1 (Bane Act)

In order to plead a violation of the Bane Act, Civil Code section 52.1, Plaintiffs must alleged facts showing "(1) intentional interference or attempted interference with a state or federal

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion." *Allen v. City of Sacramento*, 234 Cal.App.4th 41, 67 (2015), citations omitted; see also *Shoyoye v. County of Los Angeles* 203 Cal.App.4th 947, 958 (2012) [incidental interference brought about by negligent conduct is not sufficient].  In addition, Ninth Circuit and California cases make clear that the coercion involved in the initial arrest does not satisfy both elements of the Bane Act, even if the arrest is alleged to be wrongful.  *See, e.g., Lyall v. City of Los Angeles*, 807 F.3d 1178, 1196 (2015); *Allen*, *supra,* 234 Cal.App.4th 41, 183 (2015).

Plaintiffs have not alleged specific facts showing that the conduct of County or any of its employees could constitute an *intentional* interference or attempted interference with Decedent's legal rights, or that the alleged interference or attempted interference was accomplished by threats, intimidation or coercion—both intent **and** threats, intimidation or coercion are required.  It is not enough that Plaintiffs simply allege "[e]ach Defendant committed their violations with the specific intent and purpose within the meaning of the Bane Act…." [Dkt. 1, ¶ 112.]  In order to defeat County Defendants' motion to dismiss, Plaintiffs must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, *supra*, 556 U.S. at 678.   In addition, Plaintiffs are required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, *supra*, 550 U.S. at 555.  Plaintiffs have not, and cannot, allege facts to support a claim that County Defendants or County employees acted with intent to interfere with Decedent's legal rights, or that they threatened, intimidated, or coerced Decedent in order to deprive her of her legal rights.  Accordingly, the Fourth Cause of Action should be dismissed without leave to amend.

**C.    Plaintiffs Have Not Stated a Valid Claim Against County or County Employees For Negligence**

**1.  County Cannot be Sued For Common Law Negligence.**

Plaintiffs cannot allege a cause of action for common law negligence as to County.  Under the California Tort Claims Act, Government Code section 810 *et. seq.*, public entities are immune from liability except as provided by statute.  Govt. Code § 815, subd. (a); *see also Herd v. County of San Bernardino*, 311 F.Supp.3d 1157, 1171 (C.D.Cal., 2018). As noted by the court in *Herd*:

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

> To state a cause of action [against a public entity], every fact essential to the existence of statutory liability must be pleaded with particularity, including the existence of a statutory duty. *Susman*, 269 Cal.App.2d at 809, 75 Cal.Rptr. 240. Duty cannot be alleged simply by stating "defendant had a duty under the law"; that is a conclusion of law, not an allegation of fact. The facts showing the existence of the claimed duty must be alleged. *Id.*

*Herd*, 311 F.Supp.3d at 1171. Thus, absent a statute providing a basis for liability, the claim against County for wrongful death based on negligence is barred. *Johnson v. Cnty. of Ventura*, 29 Cal.App.4th 1400, 1406 (1994).

Here, Plaintiffs' Sixth Cause of Action for Negligence alleges "general duties of reasonable care and due care owed to Plaintiffs." [Dkt. 1, ¶ 118.] The Complaint does not allege a specific statutory duty owed by County. Accordingly, Plaintiffs have failed to state a viable claim for negligence against County and the cause of action should be dismissed without leave to amend.

### 2. Plaintiffs Have Failed to State a Viable Claim For Negligence as to Unnamed Doe Defendants For Which County Could be Liable.

Plaintiffs further allege that "COUNTY is vicariously liable for the violations of state law and conduct of their officers, deputies, employees, and agents, including individual named defendants, under California Government Code section 815.2." [Dkt. 1, ¶ 120.] In order to establish County's liability under this section, Plaintiffs must allege facts to support the claim that a County employee was negligent, that the negligent act or omission was within the scope of the employee's employment, that the negligence proximately resulted in Plaintiffs' injuries, that Plaintiffs would have a cause of action against the employee, and that the employee would not be immune. (Govt. Code §815.2, subds (a) and (b).)

Plaintiffs have stated the purported negligence cause of action against Does 1-30, but do not identify any of the Doe Defendants as employees of County or provide more specific information. It is therefore not possible to determine if any alleged acts or omissions are within the scope of employment of a County employee or if a County employee has immunity from liability. County Defendants would assert any applicable immunities that could apply if Plaintiffs identity any County employees as Doe Defendants; however, it appears that at a minimum the immunities

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

set forth in Government Code sections 820.2, 820.4, 820.6, 820.8, 821, 845.2, 845.6, 855.6, 855.8, 856, or 856.4 could apply in this case.  If a County employee is immune from liability, County cannot be liable based on the act or omission by that employee.  (Govt. Code § 815.2, subd. (b).)

Moreover, the negligence allegations are extremely vague and do not state cognizable duties.  [See Dkt. 1, ¶ 118.]  "Whether a defendant owes a duty is a question of law." *Jacobsen v. Marin Gen. Hosp.*, 192 F.3d 881, 885 (1999), citing *Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal.3d 583, 588 (1989).  Here, as Plaintiffs have failed to allege a legal duty against any County employee that could support a claim of liability as to County, the Sixth Cause of Action must also be dismissed on this basis.

### D.    Plaintiffs Have Not Stated a Valid § 1983 Claim Against County Employees

Plaintiffs' First and Second Causes of Action claim civil rights violations against the named Wellpath Defendants and "Does 1-30."  To the extent Plaintiffs' Complaint can be interpreted as including a claim for § 1983 against unnamed County employees, it fails to state a valid cause of action because it is vague and ambiguous and the alleged conduct would be subject to a qualified immunity.

First, the causes of action do not identify any conduct taken by a County employee, as opposed to Wellpath employee, that could be the basis of a constitutional violation.  On that basis alone, the County Defendants request an order dismissing the First and Second Causes of Action against any unnamed County employees.

Second, unnamed County employees, if any are intended to be included in these two causes of action, are entitled to qualified immunity.  "Under the doctrine of qualified immunity, [public employees] are not liable under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." *Hopson v. Alexander*, 71 F.4th 692, 697 (9th Cir. 2023) internal quotation marks and citations omitted.  As the Ninth Circuit Court of Appeals further explained:

> Under the second prong of the inquiry, a constitutional violation is clearly established only if existing law "placed the constitutionality of the officer's conduct 'beyond debate,'" such that "every 'reasonable official would understand that what he is doing' is

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

unlawful." [Citations] "This demanding standard protects 'all but the plainly incompetent or those who knowingly violate the law.'"

*Ibid.*, citations omitted.

Plaintiffs have simply not alleged enough facts to support a claim against unnamed County employees for a violation of their constitutional rights. In addition, based on the general allegations, it appears any conduct by County employees regarding Decedent would be subject to qualified immunity.

**E.      Plaintiffs Have Not Stated Any Claim as to Sheriff Sanchez**

Plaintiffs have named Sheriff Sanchez as a defendant in this case and referred to her in the general allegations; however, they have not listed her as a defendant on any of the causes of action. Accordingly, Sheriff Sanchez does not have sufficient notice of the claims that may be asserted against her, as required by Rule 8.

**V.      CONCLUSION**

Plaintiffs' Complaint does not state a viable cause of action against the County, unnamed County employees, or Sheriff Sanchez. For the reasons set forth in this motion to strike, the County Defendants respectfully request that this Court grant their motion to dismiss as to each of the causes of action stated against it in the Complaint: the First and Second Causes of Action under 42 U.S.C. § 1983 *if* the Court finds that the allegations are stated against unnamed County employees; the Third Cause of Action for *Monell* Liability under § 1983, the Fourth Cause of Action under Civil Code section 52.1 ("Bane Act"), and the Sixth Cause of Action for common law negligence. As Plaintiffs will be unable to plead legally sufficient causes of action against the County Defendants, moving parties request that the motion to dismiss be granted in its entirety, without leave to amend.

Dated: January 2, 2025              MCNAMARA, AMBACHER, WHEELER,
                                                   HIRSIG & GRAY LLP


                                                   By: _____
                                                          Denise Billups-Slone
                                                          Jody Struck
                                                          Attorneys for Defendants
                                                          COUNTY OF ALAMEDA and YESENIA SANCHEZ,
                                                          ALAMEDA COUNTY SHERIFF-CORONER

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330